### John Firth and Daniel Firth v. William McCoy.

1. Decrees—*When to Be Sustained.*—Where the decree is fully sustained by the evidence it will not be disturbed.

Bill for an Injunction.—Appeal from the Circuit Court of Fulton County; the Hon. John A. Gray, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed September —, 1900.

H. W. Masters, attorney for appellants.

G. L. Miller, attorney for appellee.

Mr. Justice Wright delivered the opinion of the court.

This was a bill in equity by appellee against appellants to restrain them from removing from the store room of appellee, occupied by appellants as the former's tenants, certain fixtures therein, consisting of shelving, shelf castings or cabinets, a partition and a furnace from the cellar. The bill was answered and issue being formed, the cause was referred to the master to take the evidence and report the same with his conclusions of law and fact, who, having so reported, and favorable to the bill, and appellants having objected and excepted to such report, the court upon the

final hearing overruled the exceptions and gave its decree, by which the injunction was made perpetual, from which this appeal is prosecuted, it being insisted for a reversal of the decree that it is unsupported by the evidence. The abstract of the evidence furnished by appellants is in no sense a compliance with the rule of the court requiring a complete abridgment of the record. It is indeed a very poor index. Nothing can be gained from it of the merits or the facts of the case. The bill, which covered several pages of the record, is reduced to four lines in the abstract, and the evidence is treated in like manner, and all that is shown is given in recitative form, and the master's report of his findings together with the exceptions thereto, are wholly omitted from the abstract. Had we not already looked into the record to determine the merits of the case, we would affirm the decree for the want of an abstract. Appellants claimed to own the fixtures and furnace, and were about to remove them under such claim. Appellee contended the fixtures and furnace were his property and belonged to the building owned by him, contending also the building would otherwise be injured by the removal, and the bill averred insolvency of appellants. This constituted the issue and we think the findings of the master were right and fully warranted by the evidence, and the decree of the court also, and hence the latter will be affirmed.